IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EZECHIEL NZAMBIMANA,                                    Case No. 3:19-cv-00656-SB

                Plaintiff,                    **OPINION AND ORDER**

       v.

UNITED STATES,

                Defendant.

---

**BECKERMAN, U.S. Magistrate Judge.**

       Ezechiel Nzambimana ("Nzambimana"), a self-represented litigant, filed a small claims

action against the U.S. Postal Service, seeking to recover to recover $1,360.31 after United

States Customs and Border Protection rejected a package he sent to Uganda via international

mail. Nzambimana alleges that the U.S. Postal Service refused to refund the money he spent on

postage and packing supplies or resend the package at no charge, treated him rudely, and

required him to wait for hours to receive service at his local post office. (Compl. at 1, 4.) The

United States removed Nzambimana's small claims case to federal court, and then filed a motion

to dismiss for lack of subject matter jurisdiction. All parties have consented to the jurisdiction of

a U.S. Magistrate Judge under F‌ED. R. C‌IV. P. 73(b). For the reasons that follow, the Court grants the United States' motion to dismiss.

## ANALYSIS

## I.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes motions to dismiss for lack of subject matter jurisdiction. F‌ED. R. C‌IV. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists") (citations omitted). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert [his] claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). However, if there is no possibility of curing the jurisdictional defect, dismissal with prejudice is proper. *Id.*

When reviewing the sufficiency of a complaint filed by a self-represented litigant, the court must liberally construe the pleading and accept as true all factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The United States argues that this Court lacks subject matter jurisdiction over Nzambimana's claims because, among other reasons, Nzambimana did not exhaust his administrative remedies before filing this action. (Mot. to Dismiss at 5-6.) Based on the record before the Court, the Court agrees that it must dismiss the action because Nzambimana did not first file a claim with the U.S. Postal Service.

Whether the Court interprets Nzambimana's claims as sounding in tort, contract, or discrimination, the law requires him first to pursue his claims with the U.S. Postal Service. *See Carroll v. United States*, No. 3:14-cv-00711-JE, 2015 WL 630877, at *3 (D. Or. Feb. 10, 2015) ("The [Federal Tort Claims Act ("FTCA")] requires a plaintiff seeking money damages based upon a tort allegedly committed by an employee of the United States to first present the claim to the appropriate Federal Agency and to wait until the agency has finally denied the claim in writing or failed to act on the claim within six months of the submission, before bringing an action in federal court."); *Wiggins v. Brennan*, 308 F. Supp.3d 274, 276-77 (D.D.C. 2018) ("If, instead, [the plaintiff] intends to allege a breach of contract claim, he was still required to pursue the proper administrative remedies prior to bringing suit. While the laws and regulations do not expressly require exhaustion of remedies for contract claims, other courts have held that in light of the general doctrine of exhaustion of administration remedies and the discussion of an administrative complaint procedure in the Postal Service's manuals, a plaintiff is required to follow the administrative complaint procedure prior to bringing a breach of contract claim."); *Murphy v. U.S. Postal Serv.*, No. C 14-02156 SI, 2014 WL 4437731, at *4 (N.D. Cal. Sep. 9, 2014) (dismissing the plaintiff's discrimination claims for lack of subject matter jurisdiction where the plaintiff alleged that a postal clerk would not wait on him at the post office).

Nzambimana did not allege in his complaint that he filed a formal administrative claim with the U.S. Postal Service. *See Gillepsie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."). The United States submitted a declaration by a staff attorney with the U.S. Postal Service Law Department,

establishing that Nzambimana did not file an administrative claim with the U.S. Postal Service.[1]

(*See* Decl. Mary Jane E. Galvin-Wagg ¶ 1, ECF No. 16.) In an abundance of caution, the Court

held a hearing on February 3, 2020, to confirm that Nzambimana did not exhaust his

administrative remedies before filing this case. Although Nzambimana acknowledged

understanding the available procedure and deadlines for filing a formal administrative claim, he

did not assert that he timely filed an administrative claim.

      The Court understands Nzambimana's frustration with his experience at the post office,

and his inability to resend his package or obtain a refund. However, the administrative

exhaustion requirement is "jurisdictional in nature and may not be waived." *Vacek v. U.S. Postal

Serv.*, 447 F.3d 1248, 1253 (9th Cir. 2006) (citation and quotation marks omitted). Although the

administrative exhaustion requirement will no doubt compound Nzambimana's frustration, the

rule importantly allows the U.S. Postal Service to investigate and try to resolve disputes with its

customers directly prior to costly litigation.

      For these reasons, the Court dismisses Nzambimana's claims for lack of subject matter

jurisdiction. *See Johnson v. United Postal Servs.*, No. CV-F-08-1387-LJO-SMS, 2008 WL

4736357, at *2 (E.D. Cal. Oct. 16, 2008) (granting the defendant's motion to dismiss where the

plaintiff "does not allege, and does not produce any evidence, that she filed an administrative

claim" and the U.S. Postal Service submitted a declaration establishing that the plaintiff had not

filed an administrative claim); *see also Carroll*, 2015 WL 630877 at *4 ("Defendant submitted a

Declaration . . . stating that there is no record of Plaintiff or an authorized representative having

---

[1] "In evaluating the Rule 12(b)(1) motion to dismiss, the district court [may] consider[] affidavits furnished by both parties. This is proper because Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

filed an administrative tort claim" and "Plaintiff does not contest this assertion and there is no evidence in the record that Plaintiff ever presented a claim . . . before bringing this action.").

**CONCLUSION**

For the reasons stated, the Court GRANTS the United States' motion to dismiss (ECF No. 15), and dismisses this case with prejudice.

DATED this 12th day of February, 2020.

_Stacie F. Beckerman_

STACIE F. BECKERMAN
United States Magistrate Judge